# Arthur H. Forman
*Attorney at Law*

98-20 Metropolitan Avenue
Forest Hills, New York 11375

Tel: 718-268-2616  Fax: 718-575-1600
e-Mail: ahf@ahforman.com

November 4, 2024

Hon. James R. Cho,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re: Aparicio v. 55 Woodside Corp.
Case No.   24-CV-5293(JRC)

Dear Judge Cho:

This office represents the defendant in the above referenced action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and New York law for alleged unpaid overtime wages and related damages.  By Order dated October 7, 2024, the date for defendant to respond to the complaint or file a letter that it intends to file a dispositive motion was extended to November 5, 2024. I write to advise the court that defendant intends to file a motion to dismiss so much of the Third Cause of Action in the Complaint as alleged defendant violated New York Labor Law §195(1), failure to provide wage notices, and §195(3), failure to provide wage statements.

Courts in this district have consistently held that a plaintiff lacks Article III standing to maintain claims for violations of the New York State labor laws requiring employers to provide wage statements and wage notices where plaintiffs fail to allege that they suffered a concrete injury fairly traceable to defendant's failure to provide wage notices or wage statements. *Veintimilla v. Sunny Builders NY*, 22-CV-1446 (LDH)(TAM), 2023 WL 2969385 at *9-12 (E.D.N.Y. Feb. 17, 2023) (R&R, collecting cases).

The plaintiff's complaint (ECF Doc.1), in the third cause of action, raises claims under NYLL §195(1) and 195(3). (*Id.*, ¶¶ 48 and 49) The claims should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) on the ground that Plaintiff has failed to plead sufficient facts to establish Article III standing to seek monetary penalties in federal court for violations of state law and labor regulations.

Defendant is hard pressed to imagine how the lack of notice could have prejudiced plaintiff when he knew enough to consult a lawyer as soon as his employment with ended.

Respectfully submitted,

S/

Arthur H. Forman

:AHF